E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

August 29 2023 2:39 PM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 23-2-09355-6

The Honorable Matthew Hummel Thomas
Trial Date: February 25, 2025

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

KRISTINE M. YOUNG, individually and
on behalf of all those similarly situated,

                                Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, a foreign Corporation,
HEATHER D. BELLAMY, an individual,
and BREANNE E. WASHINGTON, an
individual,

                                Defendants.

No. 23-2-09355-6

CLASS ACTION COMPLAINT FOR
DAMAGES

Plaintiff claims against Defendants as follows:

## I.    NATURE OF ACTION

1.1.    Plaintiff Kristine M. Young individually, and on behalf of all individuals currently or formerly employed on or after August 29, 2020 at LabCorp facilities in positions paid on an hourly basis, brings this action for money damages and statutory penalties for violations of Washington Industrial Welfare Act ("IWA"), RCW 49.12, Minimum Wage Act ("MWA"), RCW 49.46, Wage Payment Act ("WPA"), RCW 49.48, and Wage Rebate Act ("WRA"), RCW 49.52.

ENTENTE LAW PLLC
315 THIRTY-NINTH AVE SW STE 14
PUYALLUP, WA  98373-3690
(253) 446-7668

## II.    JURISDICTION AND VENUE

2.1.    The Superior Court of Washington has jurisdiction of Plaintiff's claims pursuant to RCW 2.08.010.

2.2.    Venue in Pierce County is appropriate pursuant to RCW 4.12.025.

2.3.    Defendants transact business and operate several locations throughout Washington and in Pierce County.

2.4.    At least some of the acts and omissions alleged in this Complaint took place in the State of Washington and Pierce County.

## III.    PARTIES

3.1.    Defendant Laboratory Corporation of America, hereafter "LabCorp" is organized under the laws of the state of Delaware and is headquartered in Burlington, North Carolina, and operates locations and serves customers throughout Washington including Pierce County. LabCorp is an employer for the purposes of the IWA, MWA, WPA, and WRA.

3.2.    Upon information and belief, Defendant Heather D. Bellamy, hereafter "Bellamy" is a citizen of Washington state residing in Wenatchee, Washington and at all relevant times was an officer, vice-principal or agent of LabCorp and had apparent and/or actual, direct or indirect authority over employment matters, including the payment of wages.  Bellamy is an employer for the purposes of the IWA, MWA, WPA, and WRA.

3.3.    Upon information and belief, Defendant Breanne E. Washington, hereafter "Washington" is a citizen of Washington state residing in Puyallup, Washington and at all relevant times was an officer, vice-principal or agent of LabCorp and had apparent and/or actual, direct or indirect authority over employment matters, including the payment of wages.  Washington is an employer for the purposes of the IWA, MWA, WPA, and WRA.

3.4.    Plaintiff Kristine M. Young, hereafter "Young", is a resident of Lynnwood, Washington and currently employed and working in several LabCorp facilities in Washington state and paid on an hourly basis.

CLASS ACTION COMPLAINT
FOR DAMAGES - 2

## IV.    FACTUAL ALLEGATIONS

4.1.    Plaintiff and members of the putative class are or were employed by Defendants in Washington state in positions paid on an hourly basis.

4.2.    Defendants created and maintained work schedules and a working environment that discouraged Plaintiff and members of the putative class from taking rest periods in compliance with Washington law.

4.3.    Defendants failed to keep records of the occurrence, time, and duration of paid rest periods.

4.4.    At times, Plaintiff and members of the putative class were required to work more than three consecutive hours without a rest period.

4.5.    Plaintiff and members of the putative class were not scheduled for and, at times, did not take a rest period in a duration of at least ten minutes, on the employer's time, for every four hours worked.

4.6.    Defendants failed to establish and maintain a process for Plaintiff and members of the putative class to report and be paid for instances of when they were required to work over three consecutive hours without a rest period, when they did not receive a rest period in at least a ten-minute duration, or when they failed to receive a rest period of at least ten minutes in length for each four hours worked.

4.7.    Defendants did not compensate Plaintiff and members of the putative class for an additional ten minutes of work, at their regular rate of pay, for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

4.8.    There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Defendants needed to compensate Plaintiff and members of the putative class with an additional ten minutes of work, at their regular rate of pay, for each instance they required them to

ENTENTE LAW PLLC
315 THIRTY-NINTH AVE SW STE 14
PUYALLUP, WA  98373-3690
(253) 446-7668

1    work greater than three consecutive hours without a rest period, provided a rest period in a duration

2    of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each

3    four hours worked.

4         4.9.    Defendants' failure to compensate Plaintiff and members of the putative class with an

5    additional ten minutes of work, at their regular rate of pay, for each instance it required them to

6    work greater than three consecutive hours without a rest period, provided a rest period in a duration

7    of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each

8    four hours worked was intentional and deliberate and was not the result of administrative or clerical

9    errors.

10        4.10.    Defendants created and maintained work schedules, job requirements, and a

11    working environment that discouraged Plaintiff and members of the putative class from taking

12    meal periods in compliance with Washington law.

13        4.11.    Plaintiff and members of the putative class frequently worked shifts greater than

14    five hours in duration and sometimes worked shifts greater than ten hours and one-half hours in

15    duration, and at times were not scheduled for, were not provided with, did not take, and did not

16    waive their rights to thirty-minute meal periods.

17        4.12.    At times, Defendants failed to provide Plaintiff and members of the putative class

18    with meal periods in a duration of at least thirty minutes commencing no less than two hours nor

19    more than five hours from the beginning of their shifts.

20        4.13.    At times, Defendant failed to provide second meal periods in a duration of at least

21    thirty minutes for shifts greater than ten and one-half hours in duration or otherwise required

22    Plaintiff and members of the putative class to work greater than five consecutive hours without or

23    between meal periods.

24        4.14.    Defendants failed to establish and maintain a process for Plaintiff and members of

25    the putative class to report and be compensated for instances of when they were not provided a

26    meal period of at least thirty minutes commencing no less than two hours nor more than five hours

CLASS ACTION COMPLAINT
FOR DAMAGES - 4

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 14**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**

from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than ten and one-half hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.15.    Defendants failed to compensate Plaintiff and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than ten and one-half hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.16.    There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Defendants needed to compensate Plaintiff and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than ten and one-half hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

4.17.    Defendants' failure to compensate Plaintiff and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours and no more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than ten and one-half hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods was intentional and deliberate and was not the result of administrative or clerical errors.

ENTENTE LAW PLLC
315 THIRTY-NINTH AVE SW STE 14
PUYALLUP, WA  98373-3690
(253) 446-7668

4.18.    At times, inclusive of additional wages to compensate for missed or otherwise noncompliant meal and/or rest periods, Plaintiff and members of the putative class worked greater than forty hours in a workweek.

4.19.    Plaintiff has no legal interests adverse to members of the putative class.

4.20.    Plaintiff's counsel is experienced in complex wage and hour class action litigation and has been appointed Class Counsel in dozens of similar cases.

4.21.    Plaintiff's counsel has adequate financial resources to prosecute this claim through trial and beyond.

## V.    CLASS ACTION ALLEGATIONS

5.1.    Pursuant to Civil Rule 23, Plaintiff brings this case as a class action against Defendants on behalf of a Class as defined as follows:

> All individuals who are or were employed in any LabCorp facility in Washington State in positions paid on an hourly basis from August 29, 2020, through the final resolution of this case.

5.2.     This action is properly maintainable as a class action under CR 23(a) and (b)(3).

5.3.    The number of putative class members exceeds forty and therefore, pursuant to CR 23(a)(1), it is impracticable to join all of the members of the class as defined herein as named plaintiffs.

5.4.    Pursuant to CR 23(a)(2), there are common questions of law and fact among Plaintiff and members of the putative class including, but not limited to:

(1)    Whether Defendants were required to keep records of the occurrence, time, and duration of rest periods provided to Plaintiff and members of the putative class;

(2)    whether Defendants failed to keep records of the occurrence, time, and duration of rest periods provided to Plaintiff and members of the putative class;

(3)    whether Defendants required Plaintiff and members of the putative class to work greater than three consecutive hours without a rest period;

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 14**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**

(4)     whether Defendants failed to ensure Plaintiff and members of the putative class received a compliant rest period of at least ten minutes in length, on the employer's time, for each four hours worked;

(5)     whether Defendants were required to compensate Plaintiff and members of the putative class for an additional ten minutes of work for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration, on the employer's time, for each four hours worked;

(6)     whether Defendants failed to compensate Plaintiff and members of the putative class for an additional ten minutes of work for each instance they required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration, on the employer's time, for each four hours worked;

(7)     whether Defendants were required to provide Plaintiff and members of the putative class with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts;

(8)     whether Defendants failed to provide Plaintiff and members of the putative class with meal periods in a duration of at least thirty minutes commencing no less than two hours nor more than five hours from the beginning of their shifts;

(9)     whether Defendants were required to provide second meal periods in a duration of at least thirty minutes for shifts greater than ten and one-half hours in duration or otherwise required Plaintiff and members of the putative class to work greater than five consecutive hours without or between meal periods;

ENTENTE LAW PLLC
315 THIRTY-NINTH AVE SW STE 14
PUYALLUP, WA 98373-3690
(253) 446-7668

(10)    whether Defendants failed to provide second meal periods in a duration of at least thirty minutes for shifts greater than ten and one-half hours in duration or otherwise required Plaintiff and members of the putative class to work greater than five consecutive hours without or between meal periods;

(11)    whether Defendants were required to compensate Plaintiff and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than ten and one-half hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods;

(12)    whether Defendants failed to compensate Plaintiff and members of the putative class with an additional thirty minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least thirty minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than ten and one-half hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods;

(13)    Whether Defendants were required to compensate Plaintiff and members of the putative class at a rate one and one-half times their regular rate when they worked greater than forty hours in a workweek, inclusive of additional wages to compensate for missed or otherwise noncompliant meal or rest periods;

(14)    Whether Defendants failed to compensate Plaintiff and members of the putative class at a rate one and one-half times their regular rate when they

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 14**
**PUYALLUP, WA 98373-3690**
**(253) 446-7668**

worked greater than forty hours in a workweek, inclusive of additional wages to compensate for missed or otherwise noncompliant meal or rest periods;

(15)     whether Defendants acted willfully and with the intent of depriving wages or other compensation.

5.5.     Pursuant to CR 23(a)(3), the named Plaintiff's claims are typical of the claims of all class members and of Defendants' anticipated defenses thereto.

5.6.     The named Plaintiff and her counsel will fairly and adequately protect the interests of the class as required by CR 23(a)(4).

5.7.     Pursuant to CR 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI.     FIRST CAUSE OF ACTION – CLASSWIDE FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO COMPENSATE FOR VIOLATIONS OF THE WASHINGTON MINIMUM WAGE ACT

6.1.     Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

6.2.     The Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, require employers to provide thirty-minute meal periods to their employees for work shifts greater than five hours in length and prohibits employees from working more than five consecutive hours without a meal period.

6.3.     Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

6.4.     A meal period violation is a wage violation with employees entitled to thirty minutes of additional compensation for each instance they are required to work more than five

ENTENTE LAW PLLC
315 THIRTY-NINTH AVE SW STE 14
PUYALLUP, WA  98373-3690
(253) 446-7668

consecutive hours without a compliant meal period. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018), citing *Hill v. Garda CL Nw., Inc.*, 198 Wn. App 326, 361 (2017).

6.5.    Defendants violated the Industrial Welfare Act and its implementing regulation by failing to provide Plaintiff and members of the putative class with compliant thirty-minute meal periods and by creating work schedules, staffing levels and conditions of work that discouraged compliant meal periods.

6.6.    Defendants violated the Minimum Wage Act when it failed to compensate Plaintiff and members of the putative class for thirty minutes of work for each it did not provide a meal period in a duration of thirty minutes commencing between the second and fifth hour from the start of their shift or when it required them to work greater than five consecutive hours without or between meal periods.

6.7.    As a result of Defendants' acts and omissions, Plaintiff and members of the putative class have been damaged in amounts as will be proven at trial.

**VII.    SECOND CAUSE OF ACTION – CLASSWIDE FAILURE ENSURE REST PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO COMPENSATE FOR VIOLATIONS IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT**

7.1.    Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

7.2.    The Washington Industrial Welfare Act, RCW 49.12, and its implementing regulation, WAC 296-126-092, require employers to provide a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.

7.3.    Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

7.4.    A rest period violation is a wage violation with employees entitled to ten minutes of additional compensation for each instance they are required or allowed to work longer than three consecutive hours without a rest break. *Id* at 849.

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 14**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**

7.5.    Defendants violated the Industrial Welfare Act and its implementing regulation by failing to ensure Plaintiff and members of the putative class received a ten-minute paid rest period for every four hours worked and by failing to keep records of the occurrence, time and duration of rest periods taken, by failing to implement a process for Plaintiff and members of the putative class to report missed or otherwise noncompliant rest periods and by creating work schedules, staffing levels and conditions of work that discouraged paid rest periods.

7.6.    Defendants violated the Minimum Wage Act when they failed to compensate Plaintiff and members of the putative class for an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without a rest period, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked.

7.7.    As a result of Defendants' acts and omissions, Plaintiff and members of the putative class have been damaged in amounts as will be proven at trial.

## VIII.   THIRD CAUSE OF ACTION – CLASSWIDE FAILURE TO PAY OVERTIME IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT

8.1.    Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

8.2.    Defendants violated the MWA by failing to pay overtime wages at a rate of one and one-half times their applicable regular rate of pay for all hours worked over forty in a workweek by Plaintiff and members of the putative class, inclusive of additional time to compensate for missed or otherwise noncompliant meal or rest periods.

8.3.    As a result of Defendants' acts and omissions, Plaintiff and members of the putative class have been damaged in amounts as will be proven at trial.

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 14**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**

## IX.   FOURTH CAUSE OF ACTION – CLASSWIDE WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF THE WASHINGTON WAGE REBATE ACT

9.1.    Plaintiff restates and realleges the allegations set forth in all preceding paragraphs.

9.2.    By the foregoing, Defendants' actions constitute willful withholding of wages due in violation of RCW 49.52.050 and 070.

9.3.    As a result of Defendants' acts and omissions, Plaintiff and members of the putative class have been damaged in amounts as will be proven at trial.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter an order against Defendants, jointly and severally, granting the following relief:

A.    Certification of this case as a class action pursuant to CR 23(a) and (b)(3);

B.    Damages for unpaid wages in amounts to be proven at trial;

C.    Exemplary damages pursuant to RCW 49.52.070;

D.    Attorneys' fees and costs pursuant to RCW 49.46.090, 49.48.030, and 49.52.070;

E.    Additional Attorneys' fees pursuant to all applicable factors outlined in *Bowers v. Transamerica Title Ins.*, 100 Wn.2d 581, 593-597 (1983);

F.    Prejudgment interest pursuant to RCW 19.52.010; and

G.    Such other and further relief as the Court deems just and proper.

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 14**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**

DATED this the 29th day of August, 2023

ENTENTE LAW PLLC

*s/ James B. Pizl*

James B. Pizl, WSBA #28969
Justin O. Abbasi, WSBA #53582
Ari Robbins Greene, WSBA #54201

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT
FOR DAMAGES - 13

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 14**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**